On behalf of the appellant, Ms. Yasmine Aitken. On behalf of the appellant, Ms. Aimeen Eats. Ms. Aitken, you may proceed. May it please the court, I am Yasmine Aitken, representing the appellant Artimio Rubalcava. Our brief raises two issues and I hope to address both of them today. First, the state failed to prove Mr. Rubalcava guilty beyond a reasonable doubt of unlawful contact with a street gang member. And second, the trial court relied on improper hearsay testimony about information in a gang database to find him guilty. As to the first issue, the state charged that on August 22, 2010, Mr. Rubalcava had unlawful contact with alleged Latin King street gang member Antonio Delgadillo after Rubalcava had been ordered by a judge in a non-criminal proceeding to refrain from having contact with street gang members. Now, there's no dispute that on the evening of the incident, Antonio Delgadillo and Mr. Rubalcava had contact. And there's no dispute that Mr. Rubalcava had been ordered in a non-criminal proceeding not to have contact with street gang members. That proceeding was a separate civil action brought under the Street Gang Terrorism Omnibus Prevention Act in which both Mr. Rubalcava and Mr. Delgadillo were defendants. And in that civil case, in August of 2009, a year before the incident here, Mr. Rubalcava had entered into an agreed settlement order in which he was enjoined from any contact with any of the other defendants in the case and any known Latin King gang members. And in a separate proceeding... What specific evidence was presented at this hearing, the criminal case? In the criminal case, the state presented basically three pieces of evidence. One was Officer Slamka's testimony. And he testified that he observed the contact between Artemio Rubalcava and Delgadillo and that he knew that they had been prohibited by court order from having contact with each other. And that he knew them to be listed in a gang database, an internal database to the Belvedere Police Department. He also testified that he had a prior contact with Antonio Delgadillo about a month earlier and he was in the presence of other gang members, but he didn't remember what the contact was for. There was no description of any gang-related activity or gang colors or anything like that with that contact. The second piece of evidence was the state actually themselves called Antonio Delgadillo. And he, again, he admitted that he had contact with Mr. Rubalcava, but he testified that he had never been in a gang and he was not a gang member. And finally, the third piece of evidence that the state presented was they asked the court to take judicial notice of Judge Doherty's finding in the civil case. By a preponderance of the evidence, he found, more probably than not, that Antonio Delgadillo was a Latin King street gang member. All right. Now, there seems to be a difference from the briefs that the judge was asked to take judicial notice of his order, of the order, Judge Doherty's order, but what did that order contain? Was it just a one-page order or did it have all of the facts outlined in the order? Your Honor, the order was entitled a memorandum of decision, and it is part of the record. And in the order, Judge Doherty summarizes the evidence that he heard at the civil proceedings, and that was testimony of witnesses and the evidence he weighed. But it was clear in this case that what the state asked for the court to take judicial notice of was the judge's finding that Antonio Delgadillo was a street gang member or Latin King street gang member and the court's order in joining Delgadillo from having contact with the defendant and other street gang members. And everything in the record in this case supports a finding that the parties themselves believe that that's what was taken judicial notice of because judicial notice requires that whatever document you're taking judicial notice of, the facts have to be capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy. So defense counsel clearly agreed that the fact that Judge Doherty entered a finding that Delgadillo was a street gang member by a preponderance of the evidence, I mean, that was a fact of record. So he agreed to that fact. But everything else in the record shows that defense counsel absolutely did not agree that the witnesses' testimony from the civil proceedings were also to be considered in this case. Is there anything in the record to show that the trial court actually took notice of the facts in the memo? No, there's nothing in the record. The trial judge never said that I'm going to look at the facts. The trial judge made certain findings but never included that. In fact, the judge explicitly said, I'm going to look at the memorandum of the decision, but I think what's relevant is the order. And at no point did the judge in any of his, at the motion for, at his ruling on the motion for directed verdict, when he found Mr. Rubel-Cava guilty at the post-trial motion, when defense counsel specifically argued, the state could have brought those witnesses in from the civil trial and they would have had to have brought those witnesses in to prove these elements, but they never did that. And at no point did the court say, you know what, but I considered that testimony. The court every time said, this is what I'm considering. The finding that he was a street gang member by a preponderance, Officer Slavica's testimony, and Delgadillo's testimony, and the fact that Mr. Rubel-Cava himself had entered into that agreed settlement order. There's just simply nothing in the record to show that he relied on those facts, and he really couldn't. I mean, it's hearsay. You know, Mr. Rubel-Cava never had a chance to cross-examine those witnesses or judge their credibility or make any arguments as to their credibility as to whether or not Mr. Delgadillo was a street gang member. But he had to accept, of course, that yes, there is a court order where Judge Doherty found Mr. Delgadillo to be a street gang member. What's the significance of the difference of preponderance of the evidence versus beyond a reasonable doubt? The significance of that is that Judge Doherty's finding alone of more probably than not doesn't rise to the level of reasonable doubt. So his finding that Mr. Delgadillo was a Latin King street gang member was not enough in this criminal trial to prove that Mr. Delgadillo was a street gang member beyond a reasonable doubt. What happens when you look at that internal database that they have been using? What significance does that play in this particular? Is that hearsay, too, or are you disputing that that's just not reliable? I think both of those issues are present here. First of all, if you accept, even if I accepted and said, OK, that gang database was admissible here, which that goes to really our second issue that we contend it wasn't admissible. But let's say we accept that it is. Officer Slomka testified that he just knew Mr. Delgadillo was listed in the database. And then he testified that a person could remain in that database indefinitely, even if they were no longer a gang member. And in this case in particular, you have an order four months earlier where Judge Doherty orders Mr. Delgadillo to stop being a gang member. So presumably four months later, unless the state brings in evidence at this criminal trial to show, well, you know, he violated that order. Now we know that he still is a gang member. The state is required to prove for this criminal offense that Mr. Delgadillo was actually and in fact a street gang member at the time of the offense on August 22nd, 2010. Was Slomka's testimony enough that he was in the presence of other street gang members one month before this incident? Without anything connecting him to any type of gang activity or type of gang gestures or that he was an area frequented by gangs, his association with persons that were, you know, according to Slomka, gang members, that wasn't enough. And it wasn't enough for another reason, and that is that the state was required to prove that he was a street gang member as defined under the act. So that was actually and in fact a street gang member. And they also had to, another essential element is to prove that the Latin Kings are a street gang. And they produced no evidence to prove that element. Officer Slomka just testified that he was, that Delgadillo was in a gang, and that was based on him being listed in the gang database. But he didn't, he never even mentioned the words Latin King street gang. The month earlier when he saw Delgadillo with street gang members, how, did he testify how he knew they were street gang members? No. There were no details at all. In fact, he said he couldn't remember what the contact was for. Did he arrest Delgadillo with them? No. Okay. He didn't say he arrested him. He just, he said he was in the contact of gang members. So the state's evidence here didn't prove the two essential elements of Antonio Delgadillo being an actual street gang member at the time of the incident, or that the Latin King was a street gang. And therefore, for those reasons, Mr. Rubalcaba's conviction should be reversed. Now, the second issue is related to the first, because not only was the evidence presented insufficient to prove the charge against Mr. Rubalcaba, Officer Slomka's testimony about Delgadillo being listed in the gang database was improper hearsay and shouldn't have been relied on by the trial court to find Mr. Rubalcaba guilty. When Slomka testified that Delgadillo was in the gang database, he admitted that he wasn't the one who created that database. And although he said he could input information into it, he did not testify that he put information about Delgadillo into it. And I know the state has argued that, well, this was just used for course of investigation or, yeah, investigation purposes. But the record rebuts that, because the state specifically used this testimony about the gang database to prove that Mr. Delgadillo was a gang member. The state said, quote, the state has provided sufficient evidence that these defendants were members of the street gangs here in Belvedere known as Latin Kings, because Officer Slomka indicated that both were in the gang database. So they specifically used this testimony for the purpose of establishing the truth of the contents of the gang database, that Delgadillo was, in fact, a gang member. Didn't the trial court specifically indicate that it was not using it for that purpose? No, he did not indicate that. In fact, the trial court himself relied on this improper hearsay evidence. When defense counsel argued that the state had not proven Mr. Delgadillo was a street gang member, the court stated Officer Slomka testified that Mr. Delgadillo was in a gang. And with that statement, he necessarily had to be referring to Slomka's testimony about the gang database, because that was the only testimony Officer Slomka testified to, to say that he was in a gang. I mean, the fact that he said he was in the presence of gang, that didn't prove that he was in a gang. The only testimony from Officer Slomka about Delgadillo actually, in fact, being a gang member was, well, I know he's listed in the gang database. At the time of the objection, didn't the court accept it for the limited purpose, though, at the time of the objection? The objection is a little unclear in this record, because defense counsel objected first to when Officer Slomka testified about his prior contacts and Mr. Rubalcaba being listed in the gang database. And counsel said, I'm objecting to this part, the prior contacts. And the court said, well, it's overruled because it goes to his basis of knowledge. And basis of knowledge in this context, is it basis of knowledge that they're in the gang database? If so, then the court implicitly ruled that he thought Officer Slomka's testimony that Rubalcaba and Delgadillo was listed in the gang database was proper. And then basically when Officer Slomka testified as to his prior contact and the gang database pertaining to Mr. Delgadillo, the defense counsel objected again. And the court just said, same objection, same ruling. So it doesn't show that he did not consider it for its improper hearsay purpose. And frankly, he would have to consider it for its improper, because there was virtually no other evidence to show that Antonio Delgadillo was a street gang member. But for this finding by preponderance that he was, but then also at the same time he was ordered to stop being a gang member on that date. The only other thing that the court could hang its head on to find Mr. Rubalcaba guilty was this improper hearsay evidence. So because the court's verdict rested in significant part on this improper hearsay. And if this court does not reverse Mr. Rubalcaba's conviction based on the insufficiency of the state's evidence, this court should reverse this conviction and remand for a new trial based on this error. Was there an order in the memo, or was it just a memo? Because in the record, there's just a memo. There's an order. Well, the order, excuse me, is towards the back of the memo. It's all inclusive. If you look at the entire memo, the memo contains his summaries of the evidence that was presented at the civil trial. It pertains his finding as to Antonio Delgadillo. And at the back, it includes his order in joining Delgadillo from any more participation in street gang membership. And it joins him from association with other gang members, but the judge already was concerned about impeaching on his right of association, so he actually stayed that portion of the order and invited the state to come back into court in case Mr. Delgadillo violated that portion by showing membership in gang and participating in gang activity. And there's nothing in the record to show that the state ever came back to have that portion of the order lifted. Thank you. Ms. Diaz. Good morning, Your Honors. Good morning. Aileen Diaz on behalf of the people of the State of Illinois Council. May it please the court, I would like to start by addressing two of Justice Burke's questions. The first one was whether the trial judge relied on the civil order, on any of the findings in the civil order. And defense counsel said that he didn't. However, that is rebutted by the record. On page 69 of the record, where the trial judge explained his finding of guilty in the criminal proceeding, he said that he was basing his finding upon Mr. Rubalcaba signing the agreed order, where Mr. Delgadillo was also a defendant. He based it upon Officer Slomka's testimony and upon the findings of Judge Doherty. And the second question was... Well, can that be taken two different ways? I mean, could that be the findings of fact or simply just the finding that he was a gang member, the ruling that he was a gang member and not actually the factual basis that was underlying that? It was difficult to parse out because the order and the memorandum were really just one. So the judge didn't explicitly say exactly what portion he was relying on. But further on in the record, he did state the specific reasons as to why he found each element of the crime proven beyond a reasonable doubt. But even if he did only rely on the holdings that Delgadillo was a gang member, wasn't there also part of that holding that said Delgadillo shall take efforts to cease to be a gang member? Or he shall cease to be a gang member? Wasn't that also one of the holdings in the order? Yes. Okay. And Officer Salonka did testify. And although he didn't testify as to the specifics of what happened when he encountered Mr. Delgadillo a few months prior to the criminal proceeding, he didn't give specifics as to the gang members that Mr. Delgadillo was found to be associating with during this prior contact. But there was that information that was presented at trial. Except for his conclusion that the other persons with Delgadillo were gang members. He did not state that. So it was just his conclusion without any foundation, without any basis. That was not in the record. Yeah. That was not presented in the record. So there was that. And Mr. Delgadillo also did testify at trial. And he did say that he had never been a Latin king and that the state had accused him of being one, but that's contrary to the finding in the civil order. And that, frankly, is an issue of credibility which should be left to the trier of fact. But what was the specific finding in that order? It wasn't based upon the evidence, I believe, beyond a reasonable doubt. It's based upon the evidence. It is probably more likely that there's a significant difference beyond a reasonable doubt and probably more likely. Yes. And the judge in the trial proceeding did recognize that there was a difference in the burden. But he did state that even though he recognized the difference in the burden, he thought that the facts that were presented in the judge's summary in the memorandum were sufficient to find that the Latin kings were, in fact, a gang under the act. I can never pronounce the act because it's such a mouthful. But he did find that the Latin kings were a gang under the act and that Mr. Delgadillo was a gang member. And some of the findings, excuse me while I look for the specific findings. Okay. As far as the Latin kings, he did rely on the testimony of two experts, two officers that had been qualified as experts during the civil proceeding. And defense. And he relied on then what was in the memo. What was in the memo, correct. They never testified in the criminal proceeding. Right. So is your position that the only way this gets before the trial judge here is through taking judicial notice? Of this particular memorandum? Of the order. Yes. Now, what about the opportunity to cross-examine those witnesses? Right. And defense, or the defendant did cite in the reply brief two cases in which I believe it was this court found that it is improper to take judicial notice of testimony because that would constitute hearsay because it presents confrontation issues. However, in this case, the judge summarized his findings, which were based partly on testimony. Judge Doherty? Judge Doherty. I'm sorry. Judge Doherty summarized the civil decision based on testimony, partly on testimony by two experts that were qualified during the civil proceeding. Does it make a difference whether it's an expert that testifies to hearsay or a non-expert? The people would submit no, but because the people did not attempt to introduce the actual testimony of the officers through this memorandum, we would argue that it's not hearsay. Could you restate that just again? I don't think it makes a difference whether it's an expert or a layperson testifying at the civil proceeding. But because the people did not attempt to introduce the actual testimony, but just the judicial findings based on the testimony, that it's not hearsay. Because what was admitted was the order in the memorandum. That's what was judicially noticed at the criminal proceeding. My question to you is, is it proper for the trial court to have taken judicial notice of testimony in another case? Again, the people think there's a distinction between taking judicial notice of testimony in a prior proceeding, which is improper, and taking judicial notice of findings that were based. And those findings were by a preponderance of the evidence. But they were significantly explained with respect to what was testified to at the civil proceeding. But isn't that just summarizing the testimony that would be improper to take judicial notice of? It is summarizing the testimony. All right. Thanks. Would it make any difference if Judge Doherty were hearing this case as opposed to Judge Young? I think it was Judge Young who heard this one. It was Judge Young. Would it make any difference? I know that's not part of this issue. It just dawned on me as you were having that conversation with Justice Jorgensen. I don't believe so because that would still be a confrontation issue if the people had actually tried to present testimony. And in the two cases cited in the reply brief, those cases are distinguishable. Because in those cases, in one case, defendant attempted to admit actual testimony from a prior proceeding. And in another case, the state attempted to admit actual testimony from a prior proceeding. And the people see how that's problematic. But here, it was a judicially noticed memorandum to which defense counsel did not object. See, now, did it take judicial notice of the memorandum? Are you saying because you take judicial notice of an order and it has a memorandum attached to it, that you're taking judicial notice of prior testimony and that's okay? I think in this context, yes. Is your bottom line that they agreed to this? They did agree to this. So that's your position. It's got nothing to do with whether it's hearsay or not. They agreed to do this. Is that the state's position? Well, the state's position initially is... I'm sorry, I didn't mean to cut you off. But is it your position that defense counsel at trial, the criminal trial, agreed that all the testimony and everything contained in that memorandum should be admissible? Is that your position? Yes. Okay. My position is that initially, the people do not believe that it is hearsay. But, yes, that they agreed to take everything in the memorandum. They agreed to allow the judge to take notice of everything in the memorandum. And there's one part in the defense brief where, or in the reply brief, where defendant addresses the part of the memorandum that the prosecutor asked the judge to take judicial notice of. And defense counsel asserts that that's the part that defense, or the defendant in the reply brief, asserts that that's the part that defense counsel was acquiescing to. However, there's no basis for asserting that defense counsel was just acquiescing to the part where the prosecutor said, Your Honor, can you take judicial notice of this order and memorandum, including the finding that Antonio Delvedillo was a gang member? And that's it. But didn't defense counsel at this trial, at the criminal trial, say, yes, we acknowledge that Judge Doherty made a finding that Delvedillo was a street gang member. Yes. But we do not consider that that is proof beyond a reasonable doubt. We argue that does not mean it is proof beyond a reasonable doubt that, one, Latin Kings are a gang, a street gang member. Two, Delvedillo, on the date of this offense, was a street gang member. Isn't that what defense counsel argued? Yes, because of the different burden of proof. Okay. And how did the state respond? Well, the people submit that because of the rest of the findings that were outlined in the memorandum, taking judicial notice of those findings would have been sufficient to prove defendant guilty beyond a reasonable doubt or to prove those elements beyond a reasonable doubt. Because of the basis of the findings or because of the finding? Both. Okay. Because it would be disingenuous to say that it would be just based on the findings because it was really the summary of the finding that I think was the bulk of the burden. So without this agreement, though, your argument is that you could still look at that memo. You've indicated that you believe that the defense has agreed to the criminal trial court to look at this memo and look at the facts underlying the memo. Right. Without that agreement, though, your argument is still that the trial court could look at this memo and look at the facts underlying the memo, absent an agreement. Absent an agreement, even if defense counsel had not objected. So if these two individuals were both charged with violating this law, with being in contact with each other, street gang members, and you go to trial on one, and the judge makes detailed findings of fact and order and finds the person guilty, then really all you have to do at the next trial is just throw that order up there. I understand what you're saying, and that would probably, yes, that would be consistent with my argument. That would seem to violate. I mean, as long as testimony was not included. Well, it would be the summary of the court's findings, based on the testimony. The summary of the court's findings. I think it would depend on the context of the case. Really, the trial is a lot shorter with co-defendant cases. If you had six co-defendants, you really only needed to do one trial. I mean, that's true. And maybe I would backtrack and say that had defendant not acquiesced, it would have been improper. But I still maintain that the prosecutor asking the judge to take judicial notice was enough, and the judge taking judicial notice was enough. So even had defendant not acquiesced, I think it would have been proper, especially because hearsay didn't come into play when it was just the judicial findings. But you do not take issue with the holdings in Brown and Philippi. I think those are distinguishable. With Brown and Philippi? Those are the two cases from this district that I think you were referencing. I think it was Phil—oh, yes, Brown and Philippi in the reply brief. No, because I think those are distinguishable. Because in those cases, they asked to introduce specific testimony, and I think cross-examination, the defendant has a right to cross-examine the witnesses. Well, might it not be more egregious that there was specific testimony in both of those cases that they were seeking to somehow get before the court? Here, they just want a summary of testimony before the court. And although we are mostly infallible, sometimes even our summaries aren't right. And it wasn't just a summary. There were pictures admitted, and there were other things. And again, that would come down. So it is a summary. The judge summarized the pictures. The judge summarized the tattoo that Antonio Delta Diego had and a picture where he was wearing Latin King's colors. But on the date of this offense, so that is an element that has to be established in this offense, did Slanka testify that either one of them were wearing collars? No. Did he testify that either one of them were flashing signs? No. My guess is that did he testify that the tattoo was still there? No, he did not testify about the tattoo. However, I think his testimony that he had encountered Antonio Delta Diego with other gang members, while it wasn't specific as to which gang and the exact nature of the contact, I think that testimony could contribute to the proof that the people offered. Did he testify that on the day of this contact about a month earlier they were wearing collars? No, he did not. Were they flashing gang signs? That was not in the record. Did he testify about everybody having the same tattoo? No, he did not. Okay. And if I could just say one more thing.  And I think that that should carry some weight, because even though he denied ever being a part of the Latin Kings, that did go against the finding in the civil order, which I understand is a different burden of proof. However, he did testify at the criminal proceeding, and I think credibility comes into play, and that's for the trier effect. And if I could just add a few more things about the second argument. Your time is up. Anything else? No, I'm done. Anything else? No, thank you. Okay, well, thank you so much. Thank you, Your Honor. I'd first like to address this idea that defense counsel actually agreed to summaries of testimony in the memorandum as evidence beyond a reasonable doubt in this case. At the motion for directed verdict, the defense counsel laid out that the elements of the offense, and argued they must prove that the Latin Kings is a gang based on proof beyond a reasonable doubt. Quote, there was no testimony as to what gang Delgadillo belonged to. In closing argument, he said, the state must present evidence that the Latin Kings is a street gang. They must prove that. It's not just a given, because Officer Sonka says we have a gang database, and that's what's entered in there. As to Judge Doherty's memorandum, he argued, quote, whatever findings were made by Judge Doherty were only based upon a preponderance of the evidence standard. And that testimony clearly was more in depth than what we had at this trial. The state would have to, at the very least, present that evidence again, and probably more so, to prove that on the date that on August 22nd the individual is a street gang member. At the motion for a new trial, he again referred to Judge Doherty's finding and said that was based on quite a bit of testimony and everything else in the civil case. But it only rose to a level of preponderance of the evidence. There's no way to suggest that that then rises to the level somehow of proof beyond a reasonable doubt. The state did nothing to add to that. They didn't call in any of those witnesses. So even if Mr. Delgadillo was a member of the Latin Kings, there was no testimony, no proof that on the date of the alleged event here, August 20th, 2010, that he still was. I think the record clearly rebuts this idea that the defense counsel agreed that judicial notice encompassed the summaries of the witness's testimony, and that was presented at this trial. Well, in addition to the summary of the witness's testimony, I think the state makes maybe not a direct argument, but implies that there was a stipulation. Would a stipulation be different than an agreement or a lack of objection to a judicial notice? Yes, a stipulation would be entirely different because with a stipulation, a defense counsel can stipulate and waive a defendant's confrontation rights as long as the defendant doesn't object, and it's a matter of legitimate trial strategy. I mean, clearly, defense counsel's comments show that this was not his trial strategy to stipulate to those witnesses' testimony. And if the stipulation includes a statement that the evidence is sufficient to convict, which basically by stipulating that the witness's testimony from the civil trial constituted proof beyond a reasonable doubt at the criminal trial, I would say, if that was what he had agreed to, then the defendant has to be admonished and agree to that stipulation. And the reason the defendant wasn't admonished or agreed to that stipulation is that's just not what happened in this case. I mean, defense counsel persistently and adamantly argued that the evidence was insufficient to prove the two elements in this case beyond a reasonable doubt, and that while there was a lot of testimony presented at that civil case, there was virtually nothing presented here. There's just nothing in the record to support this argument that he agreed stipulated to any of that. The second thing I would just like to address is that I think the state basically concedes that it's improper to take judicial notice of witness testimony, but there's no problem taking judicial notice of the court's findings. If you look at their argument in their brief on the reasonable doubt, you will see that most of the evidence they rely on to argue that they proved Mr. Rubicata's guilt in this criminal case, they literally list this witness testified in the civil case to this. They talk about the exhibits that were shown in the civil trial. They talk about the tattoo that was observed at the civil trial. None of that evidence, none of the testimony, that is testimony. That is completely hearsay in the criminal trial. It would completely violate Mr. Rubicata's Sixth Amendment right, his confrontation right, to now consider that evidence as proof of his guilt in this criminal case. Did Judge Young ever indicate that he looked over while Delgadillo was testifying and saw the tattoo? I have no idea where it is, but just assuming it was visible, did he ever say, oh, and by the way, as he testified, I saw X, Y, Z? No, you know, Judge Young did not mention, while the state goes through in detail and tries to say that this evidence, this testimony from Detective Damon, I think, from the civil trial, I mean, Judge Young doesn't mention any of those witnesses by name. He doesn't refer to any of the actual evidence that was presented at the civil trial. You'll see that he refers completely to Judge Doherty's findings. And yes, the fact that Judge Doherty made those findings, that can be taken judicial notice of. Slomka wasn't one of the gang experts, was he? No, he was not. For these reasons, Your Honor, we ask that you reverse Mr. Rubicata's conviction or remand for a new trial. Thank you. We thank the attorneys for their argument. The case will be taken under advisement and a short recess.